UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20238-CR-KUNTZ

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

IBRAHIM KHALDOON HILMI,

*Defendant*.
_________________________________/

**JOINT MOTION FOR RECONSIDERATION OF JOINT MOTION TO CONTINUE TRIAL**

The United States of America, through counsel, and Defendant Ibrahim Khaldoon Hilmi ("Defendant"), through counsel (collectively, the "Parties"), respectfully ask the Court to reconsider its denial without prejudice of the Parties' joint motion to continue trial, D.E. 46. As more fully explained below, the Parties' original motion failed to articulate (1) the potential burden on elderly and incarcerated witnesses traveling from other states if the trial date remains tentative until calendar call; (2) the reasons why additional time is necessary for the defense to review and investigate the voluminous discovery in this case; and (3) the extent to which defense counsel has been meeting with the Defendant, who is incarcerated. The Parties have been working diligently to prepare for trial and respectfully ask the Court to provide certainty regarding the trial date so that trial can proceed smoothly and with minimal burden on prospective witnesses. If the Court would like to hold a hearing, the Parties have conferred and request that the hearing be set for November 4, 2026, or a date soon thereafter.

## BACKGROUND

Mr. Hilmi was charged by indictment with health care fraud and wire fraud conspiracy, in violation of 18 U.S.C. § 1349, money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Trial is currently set for the two-week period beginning December 14, 2026, with calendar call on December 10, 2026.

On October 21, 2026, the Parties filed a joint motion for a continuance to the first available trial date following January 28, 2027. D.E. 46. In support, the Parties referred generally to the voluminous amount of discovery ("more than one terabyte of data") and the need for defense counsel "to conduct necessary follow-up investigation based on its review." *Id.*

On October 22, 2026, the Court denied the joint motion without prejudice, stating, "Counsel can renew any motion to continue trial at the calendar call." D.E. 48.

## ADDITIONAL DETAIL IN SUPPORT OF MOTION TO CONTINUE

In their original request for a continuance, the Parties omitted several details that they now ask the Court to consider.

*First*, the Government expects to call multiple out-of-state witnesses, including Medicare beneficiaries, as well as multiple incarcerated witnesses to testify in its case in chief.[1] Although it is always burdensome for witnesses to appear for trial, the Government respectfully requests that the Court consider the special burden placed on elderly Medicare beneficiaries to travel for cases like this one that involve allegations of fraud on the Medicare program. Elderly beneficiaries must often undertake an extraordinary amount of planning and effort to travel for trial, beginning well in advance of the trial itself. Some cannot travel alone, meaning that a

[1] The Government anticipates it may also call out-of-state health care providers, as well as program and other witnesses located outside the Southern District of Florida, whose travel must be coordinated prior to trial.

family member or other caretaker must travel with them. Undersigned counsel for the Government has called elderly witnesses to testify at trial in the Southern District of Florida in previous cases. In one case, a witness fell and was injured while exiting the airplane.

The burden of travel for witnesses incarcerated out of state, while less severe than the burden on Medicare beneficiaries, also merits the Court's consideration. At least one of the incarcerated witnesses the Government anticipates calling to testify is currently located out-of-state, and the Government must request relocation of this individual well in advance of trial to accommodate their transportation to the Southern District of Florida. Once moved, this individual will be held in Florida until trial concludes—potentially through the holiday season, when they may hope to be visited by family or friends at their primary facility. Given these considerations, the Parties ask the Court to grant their requested continuance before calendar call so that the Government can avoid requiring elderly and incarcerated witnesses to travel more often or for a longer duration than necessary, particularly during the holiday season.

*Second*, defense counsel requires additional time to prepare for trial. This case was charged four months ago. Undersigned counsel routinely represents defendants in all types of cases appearing in the Court's docket; depending on the type of case, a four-month timeline may or may not be sufficient to prepare. Health care fraud cases—even those involving fewer related matters (in this case, more than twenty-five charged cases have been identified by the Government as associated with the same criminal conspiracy) or less alleged loss—are among the most complex cases to defend. For example, health care fraud cases often require counsel to review large amounts of documentary evidence before they are able to interview a single witness effectively. Here, the Government has produced hundreds of gigabytes of information spanning well over 27,000 "pages" of documents. While Government counsel is in ongoing dialogue with

defense counsel regarding what it views as the most important evidence, effective assistance requires undersigned counsel for the Defendant to conduct an independent investigation and meet with the Defendant, who is incarcerated.

*Third*, defense counsel has met with the Defendant on multiple occasions, including to discuss the joint request for a continuance. The Defendant has been actively involved in preparing his defense and agrees that defense counsel requires more time to adequately represent him ahead for trial.

**CONCLUSION**

Based on the foregoing, the Parties respectfully ask the Court to continue trial until the first available trial date following January 28, 2027.

Respectfully Submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By: */s/ Kate Mollison*
Kate Mollison
Assistant Federal Public Defender
Florida Special A No. A5502482
150 W. Flagler Street, Suite 1700
Miami, Florida 33130
Tel: 305-530-7000
Email: kate_mollison@fd.org

JASON A. REDING QUIÑONES
United States Attorney

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division

*/s/ Claire M. Horrell*
Owen Dunn
Claire Horrell
Trial Attorneys
Health Care Fraud Section
FL Special Bar No. A5503217 (Dunn)
FL Special Bar No. A5503342 (Horrell)
Phone: (202) 993-4824 (Dunn)
Phone: (202) 285-5630 (Horrell)
E-mail: ralf.owen.dunn@usdoj.gov
E-mail: claire.horrell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY certify that on **October 26, 2026**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Claire M. Horrell